Tilghman C. J.
This case comes before us on exceptions to the charge of the President of the Court of Common Pleas of Lycoming county. The first exception has been relinquished. The evidence appears to be very imperfectly stated, because the charge cannot be understood without reference to matters which must have been proved, although not inserted in the bill. It is certain, however, that the cause turned principally on the question, whether an actual survey had been made on the ground, and this was a fact which, after remarking on the evidence, the Judge submitted to the jury. He. was of opinion that a survey,-having been returned by the proper officer, the presumption was in favour of an actual purvey, and it was incumbent on the adverse party, to disprove it. This was matter- of law, and the opinion was accurate. The legal presumption was, certainly, in favour of the survey. This is not contradicted by the counsel for the plaintiff in error. But he complains that the Judge told the jury that the testimony of the deputy surveyor, William. Montgomery, ought to have been had, as he was living and in the neighbourhood. I do not consider the Judge as having laid down any legal principle on this subject, but as having given his own opinion on the weight of evidence. He did not say that the law would infer-the survey to have been made on the ground, because the deputy surveyor was not produced as a witness. On the contrary, having made his observations on the evidence, he submits the fact, “ actual survey or not” to the jury. Nowit is settled that the opinion of the Judge, on a matter of fact, is not the subject of a writ of error. There could, therefore, be no error of which this Court could take notice, even if the Judge was wrong in his reasoning. Not perceiving any error in law in the charge of the president, I am o.f opinion that, the judgment should be affirmed.
Yeates J.
The first error has been, properly abandoned. The allotment of the lands in question to the plaintiffs below, is authorised by the express terms of the testator’s will. . It h known to every one that the. Pennsylvania Hospital is' a *415 charitable institution, founded on the most humane principles, and has been recognised as such by the legislature.
The second error assigned, respects mere matters of fact and not of law. That a return of survey is prima facie evi-' dence of an actual survey having been made on the ground has never been denied. The impeaching of it on slight grounds, and particularly after a lapse of years, when many of the marked trees have been cut down or rotted away, would be productive of manifest inconvenience and mischiefs. Every legal presumption would be in favour of such, a return of survey. The testimony of Batton was fully heard, and the President reasoned on its effect as to invalidating the survey. - He laid down no legal principles, but submitted to the jury the most material question, which was purely a matter of fact, whether an actual survey had been made on the lands in controversy or not? I see no error herein, and therefore am of opinion, that the judgment of the Court of Common Pleas be affirmed.
Brackenridge J. was sick and absent.
Judgment affirmed»»